1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Firmsite: www.bamlawca.com

6
7  Attorneys for Plaintiff

8

9

10

11

12

13

14  TIANA DENEAN COLEMAN, an
    individual, on behalf of herself and all
15  persons similarly situated,

16        Plaintiff,

17  vs.

18  TARGET CORPORATION; a
    Minnesota Corporation,
19

20

21        Defendant.

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV11    0665

CASE No. _____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**
1.   UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *et seq.*;
2.   FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 551, 552, 1194 AND 1198, *et seq.*;
3.   FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
4.   FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,
5.   FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201, *et seq.*

**DEMAND FOR A JURY TRIAL**

1     Plaintiff Tiana Denean Coleman ("PLAINTIFF") on behalf of herself and all other
2 similarly situated current and former employees, allege on information and belief, except for
3 her own acts and knowledge which are based on personal knowledge, the following:

4

5 **THE PARTIES**

6     1.    Defendant Target Corporation, a Minnesota corporation, hereinafter also
7 referred to as "TARGET" or "DEFENDANT" was incorporated in 1967 under the laws of
8 Minnesota, with its principal place of business in Minneapolis, Minnesota.  At all relevant
9 time mentioned herein, TARGET conducted and continues to conduct substantial and
10 regular business throughout California operating over 150 retail stores within the state.

11     2.    Target Corporation is the second largest discount retailer in the United States
12 operating general merchandise and food discount stores formally known as "Target" and
13 "SuperTarget."  TARGET also operates in-store amenities, such as Target Café, Target
14 Clinic, Target Pharmacy, and Target Photo, as well as leased or licensed departments,
15 including Optical, Pizza Hut, Portrait Studio, and Starbucks.  The company markets its
16 products through its network of distribution centers and third parties, as well as through its
17 online shopping site, Target.com.  TARGET also provides credit to qualified guests through
18 its branded proprietary credit cards, including the Target Visa and the Target Card.  As of
19 June 2010, TARGET operated 1,740 stores throughout the United States and the District of
20 Columbia.

21     3.    To increase profitability, TARGET reduced labor costs and consequently
22 placed the burden on a smaller number of employees to "get the job done."  An employer's
23 obligation to pay its employees wages is more than a matter of private concern between the
24 parties.  That obligation is founded on a compelling public policy judgment that employees
25 are entitled to work a livable number of hours at a livable wage.  In addition, statutes and
26 regulations that compel employers to pay overtime relate to fundamental issues of social
27 welfare worthy of protection.  The requirement to pay overtime wages extends beyond the
28 benefits individual workers receive because overtime wages discourage employers from

1   concentrating work in a few overburdened hands and encourage employers to instead hire

2   additional employees.  Especially in today's economic climate, the importance of spreading

3   available work to reduce unemployment cannot be overestimated.

4       4.     Plaintiff Tiana Denean Coleman ("PLAINTIFF") was employed by Defendant

5   Target Corporation in California as an Executive Team Leader of Guest Experience and as

6   an Executive Team Leader of Softlines from June 2009 to April 2010.

7       5.     The positions of Executive Team Leader of Guest Experience and Executive

8   Team Leader of Softlines were represented by DEFENDANT to the PLAINTIFF and the

9   others similarly situated as exempt and salaried positions.

10      6.     The job duties that are performed by Executive Team Leaders of Guest

11  Experience primarily involve providing customer service to guests and working as a team

12  leader for the customer service segment of shift laborers who perform the same work.  The

13  job duties that are performed by Executive Team Leaders of Softlines primarily involve

14  assisting in the merchandising operation and working as a team leader for the merchandising

15  segment of shift laborers who perform the same work.

16      7.     To perform these job duties, the PLAINTIFF and the others similarly situated

17  are part of the production team that produces DEFENDANT's principal product which is

18  sales.  PLAINTIFF and others similarly situated do not engage in an administrative or

19  executive role given the constraints placed upon them by company policy and the fact that

20  they do not run the enterprise or a recognized department or subdivision of the enterprise.

21  The circumstances of the job duties performed by the PLAINTIFF and the others similarly

22  situated require them to remain working on the floor of the retail stores throughout their shift

23  each workday in order to work alongside non-exempt employees in accordance with

24  DEFENDANT's strict, uniform and corporate guidelines.  As a result, neither the

25  PLAINTIFF nor the others similarly situated primarily performed office or non-manual

26  work.  In addition, neither the PLAINTIFF nor the others similarly situated were the actual

27  executives of DEFENDANT or any recognized department or subdivision of

28  DEFENDANT's enterprise.  PLAINTIFF and others similarly situated all served as

1  customer service and merchandising shift supervisors who reported to DEFENDANT's store

2  managers ("General Managers") and regional managers. General Managers are the actual

3  "executives" who are in charge of managing each retail store location and any recognized

4  departments or subdivisions therein. Section 541.115 of 29 Code of Federal Regulations

5  ("C.F.R.") explains that employees who perform the same kind of work performed by their

6  subordinates while also carrying on team leadership functions are "working foremen" who

7  must be classified as non-exempt and are entitled to receive overtime compensation and

8  related legal benefits. Therefore, the PLAINTIFF, and all the others similarly situated were

9  "administrators" and/or "executives" in name only and should therefore have been properly

10  classified as non-exempt employees. This Action is brought on behalf of the PLAINTIFF

11  and all those employees of DEFENDANT (the "CALIFORNIA CLASS") in California who

12  worked for DEFENDANT as an Executive Team Leader of Guest Experience and as an

13  Executive Team Leader of Softlines (collectively the "Team Leaders") during the CLASS

14  PERIOD ("CLASS" or "Class Members").

15       8.     For DEFENDANT's business, the Class Members functioned as working

16  foremen in DEFENDANT's customer service and merchandising departments. As defined

17  by DEFENDANT's comprehensive corporate policies and procedures, the primary job duty

18  of the Class Members employed by TARGET was and is providing customer service to

19  guests and working as a team leader for the customer service segment of shift laborers who

20  perform the same work and assisting in the merchandising operation and working as a team

21  leader for the merchandising segment of shift laborers who perform the same work in

22  accordance with DEFENDANTS's established specific procedures and protocols which

23  govern and control every aspect of the work performed by the Team Leaders. These

24  standardized procedures mirror the realities of the workplace evidencing a uniformity of

25  work among the Team Leaders and negate any exercise of independent judgment and

26  discretion as to any matter of significance.

27       9.     The work schedule for the Team Leaders was set by DEFENDANT.

28  Generally, the Class Members work ten (10) to twelve (12) hours each workday and ten (10)

1 to twenty (20) hours of overtime each workweek.

2   10. DEFENDANT has not established an alternative workweek election for the

3 Team Leaders for ten (10) to twelve (12) hour workdays.

4   11. PLAINTIFF and the other Class Members were not provided with overtime

5 compensation and other benefits required by law as a result of being classified as "exempt"

6 by DEFENDANT.

7   12. PLAINTIFF brings this Class Action on behalf of herself and a California

8 Class consisting of all individuals who are or previously were employed by Defendant

9 Target Corporation as an Executive Team Leader of Guest Experience and/or as an

10 Executive Team Leader of Softlines in California (the "CALIFORNIA CLASS") during the

11 period beginning on the date four (4) years before the filing of this Action and ending on the

12 date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

13   13. As a matter of company policy, practice, and procedure, DEFENDANT

14 has unlawfully, unfairly and/or deceptively classified every Team Leader as exempt based

15 on job title alone, failed to pay the required overtime compensation and otherwise failed to

16 comply with all applicable labor laws with respect to these Team Leaders.

17   14. The agents, servants, and/or employees of DEFENDANT and each of

18 them acting on behalf of DEFENDANT acted within the course and scope of his, her or its

19 authority as the agent, servant, and/or employee of DEFENDANT, and personally

20 participated in the conduct alleged herein on behalf of DEFENDANT with respect to the

21 conduct alleged herein. Consequently, DEFENDANT is jointly and severally liable to the

22 PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as

23 a proximate result of the conduct of DEFENDANT's agents, servants, and/or employees.

24

25        **THE CONDUCT**

26   15. The primary job duty required of the Class Members as defined by

27 DEFENDANT is executed by the Class Members through the performance of non-exempt

28 labor within a defined skill set.

16.     Although the PLAINTIFF and the other Class Members primarily performed non-exempt labor, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of the Class Members were classified as exempt from overtime compensation, meal breaks and rest breaks. By reason of this uniform exemption practice, policy and procedure applicable to the PLAINTIFF and the other Class Members who performed this non-exempt labor, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF and the other Class Members and thereby failed to pay them overtime wages for documented overtime hours worked and provide them with meal and rest breaks. The proper classification of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to provide all of the legally required meal and rest breaks to the PLAINTIFF and the other Class Members as required by the applicable Wage Order and Labor Code. During the CLASS PERIOD, DEFENDANT did not have a policy or practice which provided meal and rest breaks to the PLAINTIFF and the other Class Members. As a result, DEFENDANT's failure to provide the PLAINTIFF and the CALIFORNIA CLASS with all the legally required meal and rest breaks is evidenced by DEFENDANT's business records which contain no record of these breaks. DEFENDANT also engaged in a common course of failing to reimburse the PLAINTIFF and the other Class Members for expenses incurred in the discharge of their job duties. TARGET systematically insisted that all the Class Members purchase TARGET's branded merchandise from its online employee "Bullseye" shop the wearing of which was necessary to fulfill the employees' job duties. The Bullseye shop clothing was only purchased for wearing at work for DEFENDANT. As a result, the Class Members patronized DEFENDANT's online shop in the purchase of company

1    clothing for work purposes only.  Therefore, the Class Members sustained expenses and
2    other losses as a result of TARGET's uniform policy to require employees to use its
3    employee online shop to purchase company clothing for work purposes.  TARGET's
4    business expense policy and practice is evidenced by DEFENDANT's employee online
5    shop.  TARGET also failed to reimburse the PLAINTIFF and the other Class Members for
6    personal vehicle usage and the expense of gas which was required by DEFENDANT to
7    travel to and from DEFENDANT's retail store locations for training.

8        17.    DEFENDANT, as a matter of law, has the burden of proving that (a)
9    employees are properly classified as exempt and that (b) DEFENDANT otherwise complies
10   with applicable laws.  Other than the initial classification of the PLAINTIFF and the other
11   Class Members as exempt from being paid overtime based on job title alone, DEFENDANT
12   had no business policy, practice, or procedure to ensure that the PLAINTIFF and the other
13   Class Members were properly classified as exempt, and in fact, as a matter of corporate
14   policy erroneously and unilaterally classified all the Class Members as exempt based on job
15   title alone.

16       18.    During their employment with DEFENDANT, the PLAINTIFF and the
17   other Class Members, primarily performed non-exempt job duties, but were nevertheless
18   classified by DEFENDANT as exempt from overtime pay and worked more than eight (8)
19   hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive day of a
20   workweek.

21       19.    PLAINTIFF and the other Class Members employed by DEFENDANT were
22   not primarily engaged in work of a type that was or now is performed at the level of the
23   policy or management of DEFENDANT.  PLAINTIFF and the other Class Members
24   employed by DEFENDANT were also not primarily engaged in work of a type that was or
25   now is directly related to the management or general business operations of the employer's
26   customers, when giving these words a fair but narrow construction.  PLAINTIFF and the
27   other Class Members employed by DEFENDANT were also not primarily engaged in work
28   requiring knowledge of an advanced type in a field or science or learning customarily

1    acquired by a prolonged course of specialized intellectual instruction and study, but rather

2    their work primarily involves the performance of routine mental, manual, and/or physical

3    processes. PLAINTIFF and the other Class Members employed by DEFENDANT were also

4    not primarily engaged in work that is predominantly intellectual and varied in character, but

5    rather is routine mental, manual, mechanical, and/or physical work that is of such character

6    that the output produced or the result accomplished can be standardized in relation to a given

7    period of time. The work of a Team Leader of DEFENDANT was work wherein the

8    PLAINTIFF and the members of the CALIFORNIA CLASS were primarily engaged in the

9    day-to-day production activity of TARGET to provide customer service to guests and work

10   as a team leader for the customer service segment of shift laborers who perform the same

11   work and assist in the merchandising operation and work as a team leader for the

12   merchandising segment of shift laborers who perform the same work in strict accordance

13   with the protocols, policies and operations established by DEFENDANT.

14         20.    The fact that the work of the Class Members may have involved work using a

15   specialized skill set or technical abilities in a defined technical area does not mean that the

16   PLAINTIFF or the other Team Leaders employed by DEFENDANT are exempt from

17   overtime wages. Indeed, the exercise of discretion and independent judgment must be more

18   than the use of a highly technical skill set described in a manual or other sources. The work

19   that the PLAINTIFF and the other Class Members employed by DEFENDANT was and are

20   primarily engaged in performing day-to-day customer service and merchandising activities

21   which is work that is required to be performed as part of the day-to-day-business of

22   DEFENDANT. As a result, the PLAINTIFF and the other Class Members employed by

23   DEFENDANT were primarily engaged in work that falls on the production/non-exempt

24   administration side of the administrative/production worker dichotomy and therefore should

25   have been properly classified as non-exempt employees.

26         21.    Class Members are classified as exempt from California overtime and related

27   laws by DEFENDANT, however, these employees do not have managerial duties or

28   authority and were not the actual executives of DEFENDANT or any recognized department

1  or subdivision of DEFENDANT's enterprise and are therefore executives in name only.

2  Class Members perform these ongoing day-to-day non-exempt activities because they have a

3  minimal role in supervising and managing non-exempt, hourly retail store employees.

4  Furthermore, the Class Members are tightly controlled by company policy and by their

5  managers, do not exercise discretion or independent judgment as to matters of significance,

6  and their job duties are not directly related to DEFENDANT's management policies or

7  general business operation.

8      22.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were

9  uniformly classified and treated by DEFENDANT as exempt at the time of hire and

10  thereafter, DEFENDANT failed to take the proper steps to determine whether the

11  PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under

12  the applicable Industrial Welfare Commission Wage Order (Wage Order 1-2001 and/or

13  Wage Order 4-2001) and Cal. Lab. Code §§ 510 *et seq*. as exempt from applicable

14  California labor laws.  Since DEFENDANT affirmatively and wilfully misclassified the

15  PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with California

16  labor laws, DEFENDANT's practices violated and continue to violate California law.  In

17  addition, DEFENDANT acted deceptively by falsely and fraudulently telling the

18  PLAINTIFF and each member of the CALIFORNIA CLASS that they were exempt from

19  overtime pay when DEFENDANT knew or should have known that this statement was false

20  and not based on known facts.  DEFENDANT also acted unfairly by violating the California

21  labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.

22  In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS

23  less than the amount competitors paid who complied with the law and cheated the

24  CALIFORNIA CLASS by not paying them in accordance with California law.

25      23.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

26  and the other Class Members with a wage statement in writing that accurately sets forth

27  gross wages earned, all applicable hourly rates in effect during the pay period and the

28  corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

1   Class Members. This conduct violates California Labor Code § 226. The pay stub also does
2   not accurately display anywhere the PLAINTIFF's and the other Class Members' overtime
3   hours and applicable rates of overtime pay for the pay period.

4        24.    By reason of this uniform conduct applicable to the PLAINTIFF and all the
5   CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in
6   violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the
7   "UCL"), by engaging in a company-wide policy and procedure which failed to correctly
8   classify the PLAINTIFF and the CALIFORNIA CLASS of Class Members as non-exempt.
9   The proper classification of these employees is DEFENDANT's burden. As a result of
10  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT
11  failed to properly calculate and/or pay all required overtime compensation for work
12  performed by the members of the CALIFORNIA CLASS and violated the applicable Wage
13  Order, the California Labor Code and the regulations promulgated thereunder as herein
14  alleged.

15
16                              **THE UCL REMEDIES**

17       25.    As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf
18  of herself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of
19  DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the
20  money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF
21  and all the other CALIFORNIA CLASS members. PLAINTIFF also seeks all other relief
22  available to her and the other Class Members located in California under California law.
23  PLAINTIFF also seeks declaratory relief finding that the employment practices and policies
24  of DEFENDANT violate California law.

25
26                            **THE CALIFORNIA CLASS**

27       26.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and
28  Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*. (the

1 "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a

2 California Class, defined as all individuals who are or previously were employed by

3 Defendant Target Corporation as a Team Leader as hereinabove defined in California during

4 the period beginning on the date four (4) years before the filing of this Action and ending on

5 the date as determined by the Court ("CALIFORNIA CLASS").

6      27.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

7 CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

8 accordingly.

9      28.    DEFENDANT, as a matter of corporate policy, practice and procedure,

10 and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

11 Wage Order Requirements, and the applicable provisions of California law, intentionally,

12 knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,

13 and deceptively instituted a practice to ensure that the employees employed in a Team

14 Leader position were not properly classified as non-exempt from the requirements of

15 California Labor Code §§ 510, *et seq.*

16      29.    DEFENDANT has the burden of proof that each and every employee is

17 properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.*

18 DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in

19 place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice

20 that misclassifies the CALIFORNIA CLASS members as exempt. DEFENDANT's uniform

21 policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and

22 currently in place is to systematically classify each and every CALIFORNIA CLASS

23 member as exempt from the requirements of the California Labor Code §§ 510, *et seq.* This

24 common business practice applicable to each and every CALIFORNIA CLASS member can

25 be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

26 Business & Professions Code §§ 17200 *et seq.* (the "UCL") as causation, damages, and

27 reliance are not elements of this claim.

28      30.    At no time before, during or after the PLAINTIFF's employment with

1  DEFENDANT was any Class Member reclassified as non-exempt from the applicable

2  requirements of California Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS

3  member was initially, uniformly, and systematically classified as exempt upon being hired.

4        31.    Any individual declarations of any employees offered at this time purporting

5  to indicate that one or more Team Leader may have been properly classified is of no force or

6  affect absent contemporaneous evidence that DEFENDANT's uniform system did not

7  misclassify the PLAINTIFF and the other Team Leaders as exempt pursuant to Cal. Lab.

8  Code §§ 510, *et seq.* Absent proof of such a contemporaneous system, DEFENDANT's

9  business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be

10  so adjudicated on a class-wide basis. As a result of the UCL violations, the PLAINTIFF and

11  the CALIFORNIA CLASS members are entitled to compel DEFENDANT to provide

12  restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute

13  these funds to the PLAINTIFF and the CALIFORNIA CLASS members according to proof.

14        32.    The CALIFORNIA CLASS is so numerous that joinder of all Class Members

15  is impracticable.

16        33.    Common questions of law and fact exist as to members of the CALIFORNIA

17  CLASS, including, but not limited, to the following:

18            (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.

19                   Code §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or

20                   deceptively having in place company policies, practices and procedures

21                   that uniformly misclassified the PLAINTIFF and the members of the

22                   CALIFORNIA CLASS as exempt;

23            (b)    Committing an act of unfair competition in violation of the UCL, by

24                   unlawfully, unfairly, and/or deceptively failing to have in place a

25                   company policy, practice and procedure that accurately determined the

26                   amount of working time spent by the PLAINTIFF and the members of

27                   the CALIFORNIA CLASS performing non-exempt labor;

28            (c)    Committing an act of unfair competition in violation of the UCL, by

1   having in place a company policy, practice and procedure that failed to
2   reclassify as non-exempt those members of the CALIFORNIA CLASS
3   whose actual job duties are primarily comprised of non-exempt job
4   functions;

5   (d)   Committing an act of unfair competition in violation of the UCL, by
6   violating Cal. Lab. Code §§ 510, *et seq.* by failing to pay the correct
7   overtime pay to the PLAINTIFF and the members of the
8   CALIFORNIA CLASS who were improperly classified as exempt, and
9   retaining the unpaid overtime to the benefit of DEFENDANT;

10  (e)   Committing an act of unfair competition in violation of the UCL, by
11  failing to provide all mandatory meal and/or rest periods to the
12  PLAINTIFF and the Class Members;

13  (f)   Committing an act of unfair competition in violation of the UCL, by
14  violating Cal. Lab. Code § 2802 by failing to reimburse the
15  PLAINTIFF and the members of the CALIFORNIA CLASS with
16  necessary expenses incurred in the discharge of their job duties for
17  DEFENDANT;

18  (g)   Committing an act of unfair competition in violation of the UCL, by
19  violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF
20  and the members of the CALIFORNIA CLASS with an accurate
21  itemized statement in writing showing the gross wages earned, the net
22  wages earned, all applicable hourly rates in effect during the pay period
23  and the corresponding number of hours worked at each hourly rate by
24  the employee; and,

25  (h)   Committing an act of unfair competition in violation of the UCL, by
26  violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et*
27  *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF
28  and the members of the CALIFORNIA CLASS who were improperly

1    classified as exempt as legally required by the FLSA, and retaining the

2    unpaid overtime to the benefit of DEFENDANT.

3    34.    This Class Action meets the statutory prerequisites for the maintenance of a

4    Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

5        (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

6               that the joinder of all such persons is impracticable and the disposition

7               of their claims as a class will benefit the parties and the Court;

8        (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

9               raised in this Complaint are common to the CALIFORNIA CLASS will

10              apply uniformly to every member of the CALIFORNIA CLASS;

11       (c)    The claims of the representative PLAINTIFF are typical of the claims

12              of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all

13              the other members of the CALIFORNIA CLASS, was initially

14              classified as exempt upon hiring based on the defined corporate policies

15              and practices and labored under DEFENDANT's systematic procedure

16              that failed to properly classify the PLAINTIFF and the members of the

17              CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a

18              result of DEFENDANT's employment practices.  PLAINTIFF and the

19              members of the CALIFORNIA CLASS were and are similarly or

20              identically harmed by the same unlawful, deceptive, unfair and

21              pervasive pattern of misconduct engaged in by DEFENDANT by

22              deceptively advising all the Class Members that they were exempt from

23              overtime wages based on the defined corporate policies and practices,

24              and unfairly failing to pay overtime to these employees who were

25              improperly classified as exempt; and,

26       (d)    The representative PLAINTIFF will fairly and adequately represent and

27              protect the interest of the CALIFORNIA CLASS, and have retained

28              counsel who are competent and experienced in Class Action litigation.

1    There are no material conflicts between the claims of the representative

2    PLAINTIFF and the members of the CALIFORNIA CLASS that would

3    make class certification inappropriate.  Counsel for the CALIFORNIA

4    CLASS will vigorously assert the claims of all employees in the

5    CALIFORNIA CLASS.

6    35.    In addition to meeting the statutory prerequisites to a Class Action, this Action

7    is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3),

8    in that:

9    (a)    Without class certification and determination of declaratory, statutory and

10          other legal questions within the class format, prosecution of separate actions

11          by individual members of the CALIFORNIA CLASS will create the risk of:

12                 1)    Inconsistent or varying adjudications with respect to individual

13                       members of the CALIFORNIA CLASS which would establish

14                       incompatible standards of conduct for the parties opposing the

15                       CALIFORNIA CLASS; and/or,

16                 2)    Adjudication with respect to individual members of the

17                       CALIFORNIA CLASS which would as a practical matter be

18                       dispositive of interests of the other members not party to the

19                       adjudication or substantially impair or impede their ability to

20                       protect their interests;

21    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

22          to act on grounds generally applicable to the CALIFORNIA CLASS,

23          making appropriate class-wide relief with respect to the CALIFORNIA

24          CLASS as a whole in that DEFENDANT uniformly classified and

25          treated the Class Members as exempt and, thereafter, uniformly failed

26          to take proper steps to determine whether the Class Members were

27          properly classified as exempt, and thereby denied these employees

28          overtime wages as required by law;

1               1)     With respect to the First Cause of Action, the final relief on

2                       behalf of the CALIFORNIA CLASS sought does not relate

3                       exclusively to restitution because through this claim the

4                       PLAINTIFF seeks declaratory relief holding that

5                       DEFENDANT's policy and practices constitute unfair

6                       competition, along with incidental equitable relief as may be

7                       necessary to remedy the conduct declared to constitute unfair

8                       competition;

9      (c)    Common questions of law and fact exist as to the members of the

10            CALIFORNIA CLASS, with respect to the practices and violations of

11            California law as listed above, and predominate over any question

12            affecting only individual members, and a Class Action is superior to

13            other available methods for the fair and efficient adjudication of the

14            controversy, including consideration of:

15           1)     The interests of the members of the CALIFORNIA CLASS in

16                       individually controlling the prosecution or defense of separate

17                       actions in that the substantial expense of individual actions will

18                       be avoided to recover the relatively small amount of economic

19                       losses sustained by the individual CALIFORNIA CLASS

20                       members when compared to the substantial expense and burden

21                       of individual prosecution of this litigation;

22           2)     Class certification will obviate the need for unduly duplicative

23                       litigation that would create the risk of:

24                A.     Inconsistent or varying adjudications with respect to

25                       individual members of the CALIFORNIA CLASS, which

26                       would establish incompatible standards of conduct for

27                       DEFENDANT; and/or,

28                B.     Adjudications with respect to individual members of the

1    CALIFORNIA CLASS would as a practical matter be

2    dispositive of the interests of the other members not

3    parties to the adjudication or substantially impair or

4    impede their ability to protect their interests;

5    3)    In the context of wage litigation because as a practical matter a

6    substantial number of individual class members will avoid

7    asserting their legal rights out of fear of retaliation by

8    DEFENDANT, which may adversely affect an individual's job

9    with DEFENDANT or with a subsequent employer, the Class

10    Action is the only means to assert their claims through a

11    representative; and,

12    4)    A Class Action is superior to other available methods for the fair

13    and efficient adjudication of this litigation because class

14    treatment will obviate the need for unduly and unnecessary

15    duplicative litigation that is likely to result in the absence of

16    certification of this Action pursuant to Fed. R. Civ. Proc.

17    23(b)(2) and/or (3).

18    36.    This Court should permit this Action to be maintained as a Class Action

19    pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

20    (a)    The questions of law and fact common to the CALIFORNIA CLASS

21    predominate over any question affecting only individual members

22    because DEFENDANT's employment practices were uniform and

23    systematically applied with respect to the CALIFORNIA CLASS;

24    (b)    A Class Action is superior to any other available method for the fair

25    and efficient adjudication of the claims of the members of the

26    CALIFORNIA CLASS because in the context of employment litigation

27    a substantial number of individual Class members will avoid asserting

28    their rights individually out of fear of retaliation or adverse impact on

their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT had acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all DEFENDANT's Class Mebers employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

37.   DEFENDANT maintains records from which the Court can ascertain and

1 identify by name and job title, each of DEFENDANT's employees who have been

2 systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,

3 practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the

4 complaint to include any additional job titles of similarly situated employees when they have

5 been identified.

6

7 **THE CALIFORNIA LABOR SUB-CLASS**

8     38.   PLAINTIFF further brings the Second, Third and Fourth Causes of Action on

9 behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were

10 employed by DEFENDANT during the period beginning on the date three (3) years prior to

11 the filing of the action and ending on the date as determined by the Court (the

12 "CALIFORNIA LABOR SUB-CLASS PERIOD"), who performed work in excess of eight

13 (8) hours in one day and/or forty (40) hours in one week and/or on the seventh (7th)

14 consecutive day of a workweek and did not receive overtime compensation (the

15 "CALIFORNIA LABOR SUB-CLASS") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

16     39.   DEFENDANT, as a matter of corporate policy, practice and procedure,

17 and in violation of the applicable California Labor Code ("Labor Code"), and Industrial

18 Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully,

19 and systematically misclassified the PLAINTIFF and the other members of the

20 CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from

21 overtime wages and other labor laws based on DEFENDANT's comprehensive policies and

22 procedures in order to avoid the payment of overtime wages by misclassifying their positions

23 as exempt from overtime wages and other labor laws. To the extent equitable tolling

24 operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT,

25 the CLASS PERIOD should be adjusted accordingly.

26     40.   DEFENDANT has intentionally and deliberately created a multi-tiered

27 management structure with numerous levels. PLAINTIFF and the other Class Members

28 primary job duty is providing customer service to guests and working as a team leader for

1   the customer service segment of shift laborers who perform the same work and assisting in

2   the merchandising operation and working as a team leader for the merchandising segment of

3   shift laborers who perform the same work in accordance with DEFENDANTS's established

4   specific procedures and protocols.  The job levels and job titles such as "Executive Team

5   Leader of Guest Experience and " "Executive Team Leader of Softlines" were distributed in

6   order to create the superficial appearance of a number of unique jobs, when in fact, these

7   jobs are substantially similar and can be easily grouped together for the purpose of

8   determining whether they were all misclassified.  One of DEFENDANT's purposes in

9   creating and maintaining this multi-level job classification scheme is to create an artificial

10  barrier to discovery and class certification for all employees similarly misclassified as

11  exempt.  DEFENDANT has uniformly misclassified these CALIFORNIA LABOR SUB-

12  CLASS members as exempt and denied them overtime wages and other benefits to which

13  non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully

14  profit.

15      41.    DEFENDANT maintains records from which the Court can ascertain and

16  identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

17  SUB-CLASS members have been systematically, intentionally and uniformly misclassified

18  as exempt as a matter of DEFENDANT's corporate policy, practices and procedures.

19  PLAINTIFF will seek leave to amend the complaint to include these additional job titles

20  when they have been identified.

21      42.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

22  members is impracticable.

23      43.    Common questions of law and fact exist as to members of the CALIFORNIA

24  LABOR SUB-CLASS, including, but not limited, to the following:

25          (a)    Whether DEFENDANT unlawfully failed to pay overtime

26                 compensation to members of the CALIFORNIA LABOR SUB-CLASS

27                 in violation of the California Labor Code and California regulations and

28                 the applicable California Wage Order;

(b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

(c)    Whether the members of the CALIFORNIA LABOR SUB-CLASS were primarily tasked by DEFENDANT to perform the job of "working foremen;"

(d)    Whether DEFENDANT's policy and practice of classifying the CALIFORNIA LABOR SUB-CLASS members as exempt from overtime compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS members overtime violate applicable provisions of California law;

(e)    Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUB-CLASS members with accurate records of overtime hours worked;

(f)    Whether DEFENDANT's policy and practice of failing to pay members of the CALIFORNIA LABOR SUB-CLASS all wages when due within the time required by law after their employment ended violates California law; and,

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

44.    DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all of the Class Members as exempt from overtime wages and other labor laws. All of the Class Members, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

1    45.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

2  under California law by:

3              (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby

4                     failing to pay the PLAINTIFF and the members of the CALIFORNIA

5                     LABOR SUB-CLASS the correct overtime pay for a workday longer

6                     than eight (8) hours, a workweek longer than forty (40) hours, and/or all

7                     hours worked on the seventh (7th) consecutive day of a workweek for

8                     which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

9              (b)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

10                    when an employee is discharged or quits from employment, the

11                    employer must pay the employee all wages due without abatement, by

12                    failing to tender full payment and/or restitution of wages owed or in the

13                    manner required by California law to the members of the

14                    CALIFORNIA LABOR SUB-CLASS who have terminated their

15                    employment;

16             (c)    Violating Cal. Lab. Code § 2802, by failing to reimburse the

17                    PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

18                    CLASS for necessary expenses incurred in the discharge of their job

19                    duties for DEFENDANT; and,

20             (d)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF

21                    and the members of the CALIFORNIA LABOR SUB-CLASS who

22                    were improperly classified as exempt with an accurate itemized

23                    statement in writing showing the gross wages earned, the net wages

24                    earned, all applicable hourly rates in effect during the pay period and

25                    the corresponding number of hours worked at each hourly rate by the

26                    employee.

27    46.    This Class Action meets the statutory prerequisites for the maintenance of a

28  Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS exceed are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT's systematic classification practices. PLAINTIFF and all the other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all the Class Members.

47.    In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, statutory

and other legal questions within the class format, prosecution of
separate actions by individual members of the CALIFORNIA LABOR
SUB-CLASS will create the risk of:

    1)    Inconsistent or varying adjudications with respect to individual
members of the CALIFORNIA LABOR SUB-CLASS which
would establish incompatible standards of conduct for the parties
opposing the CALIFORNIA LABOR SUB-CLASS; or,

    2)    Adjudication with respect to individual members of the
CALIFORNIA LABOR SUB-CLASS which would as a
practical matter be dispositive of interests of the other members
not party to the adjudication or substantially impair or impede
their ability to protect their interests;

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have
acted or refused to act on grounds generally applicable to the
CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide
relief with respect to the CALIFORNIA LABOR SUB-CLASS as a
whole in that DEFENDANT uniformly classified and treated the Class
Members as exempt and, thereafter, uniformly failed to take proper
steps to determine whether the Class Members were properly classified
as exempt, and thereby denied these employees overtime wages as
required by law;

(c)    Common questions of law and fact predominate as to the members of
the CALIFORNIA LABOR SUB-CLASS, with respect to the practices
and violations of California law as listed above, and predominate over
any question affecting only individual members, and a Class Action is
superior to other available methods for the fair and efficient
adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA LABOR

SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of

certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

48.     This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)     The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual Class Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally

1       applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

2       making final class-wide relief appropriate with respect to the

3       CALIFORNIA LABOR SUB-CLASS as a whole;

4   (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily

5       ascertainable from the business records of DEFENDANT.  The

6       CALIFORNIA LABOR SUB-CLASS consists of those Class Members

7       who worked overtime hours and who were not paid overtime; and,

8   (i)   Class treatment provides manageable judicial treatment calculated to

9       bring a efficient and rapid conclusion to all litigation of all wage and

10      hour related claims arising out of the conduct of DEFENDANT.

11

12                          **JURISDICTION AND VENUE**

13      49.    This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28

14  U.S.C. § 1331 and supplemental jurisdiction of the PLAINTIFF's state law claims pursuant to

15  28 U.S.C. § 1367.

16      50.    Further, with respect to the state law class claims, these state law class claims

17  are brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that

18  exceeds 100 persons, that involves more than $5,000,000 in controversy, and where the

19  citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a

20  result, this Court also has original jurisdiction over the state law class claims under 28

21  U.S.C. § 1332 (CAFA Jurisdiction).

22      51.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i)

23  DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this

24  District; (ii) DEFENDANT maintains offices or facilities in this District; and, (iii)

25  DEFENDANT committed the wrongful conduct against members of the CALIFORNIA

26  CLASS in this District.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIRST CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200 *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

52.    PLAINTIFF, and the CALIFORNIA CLASS members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 51 of this Complaint.

53.    DEFENDANT is a "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

54.    California Business & Professions Code §§ 17200 *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

55.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to provisions of the Wage Orders, the California Labor Code, the regulations of the Department of Labor and the opinions of the Department of Labor Standards Enforcement, for which this Court should issue declaratory, and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

56.    Throughout the CLASS PERIOD, it was also DEFENDANT's uniform policy and practice to make unavailable mandatory meal and rest breaks to the PLAINTIFF and the Class Members. DEFENDANT's uniform practice requires the PLAINTIFF and the Class

1  Members to work continuously throughout the workday without being supplied meal and/or

2  rest periods in accordance with the number of hours they worked.  At all relevant times

3  during the CLASS PERIOD, DEFENDANT failed to provide any compensated work time

4  for interrupting and/or failing to provide such breaks to the PLAINTIFF and the Class

5  Members.

6      57.    Therefore, the PLAINTIFF demands on behalf of herself and on behalf of

7  each Class Member, one (1) hour of pay for each workday in which an off-duty meal period

8  was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each

9  workday in which a second off-duty meal period was not timely provided for each ten (10)

10  hours of work.

11      58.    PLAINTIFF further demands on behalf of herself and on behalf of each Class

12  Member, one (1) hour of pay for each workday in which a rest period was not timely

13  provided as required by law.

14      59.    By and through the unfair and unlawful business practices described herein

15  above, DEFENDANT has obtained valuable property, money, and services from the

16  PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them

17  of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

18  DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and equitable

19  relief is necessary to prevent and remedy this unfair competition.

20      60.    All the acts described herein as violations of, among other things, the

21  California Labor Code, California Code of Regulations, and the Industrial Welfare

22  Commission Wage Orders, are unlawful, are in violation of public policy, are immoral,

23  unethical, oppressive, and unscrupulous, and are likely to deceive employees, as herein

24  alleged, and thereby constitute deceptive, unfair and unlawful business practices in violation

25  of Cal. Bus. and Prof. Code §§ 17200 et seq.

26      61.    PLAINTIFF, and the CALIFORNIA CLASS members, are further entitled to,

27  and do, seek a declaration that the above described business practices are deceptive unfair

28  and/or unlawful.

62.   The practices herein alleged presently continue to occur unabated. As a result of the unfair and unlawful business practices described above, the PLAINTIFF, and the CALIFORNIA CLASS members, have suffered legal and economic harm.

**SECOND CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 551, 552, 1194 and 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

63.   PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 62 of this Complaint.

64.   Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

65.   Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

66.   Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

67.   Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

68.   Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

69.     Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

70.     In addition, Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
    (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
    (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
    (3) Wages recovered pursuant to this section shall be paid to the affected employee.
(b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

71.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production side of DEFENDANT's business. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

72.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

    (a)    The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

    (b)    The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

    (c)    The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

    (d)    The employee must customarily and regularly exercise discretion and independent judgment; and,

    (e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

    73.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

    (a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

    (b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

    (e)    The employee must execute special assignments and tasks under only general supervision; and,

    (f)    The employee must be primarily engaged in duties which meet the test of exemption.

1   No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because

2   they all fail to meet the requirements for being an "administrator" under the applicable Wage

3   Order.

4          74.    The Industrial Welfare Commission, in Wage Order 1-2001 and 4-2001, at

5   section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be

6   complied with to place an employee in the "professional" exempt category.  For an employee

7   to be exempt as a bona fide "professional," all the following criteria must be met and

8   DEFENDANT has the burden of proving that:

9          (a)    The employee is primarily engaged in an occupation commonly recognized as

10                 a learned or artistic profession.  For the purposes of this subsection, "learned

11                 or artistic profession" means an employee who is primarily engaged in the

12                 performance of:

13                 1)     Work requiring knowledge of an advanced type in a field or science or

14                        learning customarily acquired by a prolonged course of specialized

15                        intellectual instruction and study, as distinguished from a general

16                        academic education and from an apprenticeship, and from training in

17                        the performance of routine mental, manual, or physical processes, or

18                        work that is an essential part or necessarily incident to any of the above

19                        work; or,

20                 2)     Work that is original and creative in character in a recognized field of

21                        artistic endeavor, and the result of which depends primarily on the

22                        invention, imagination or talent of the employee or work that is an

23                        essential part of or incident to any of the above work; and,

24                 3)     Whose work is predominately intellectual and varied in character (as

25                        opposed to routine mental, manual, mechanical, or physical work) and

26                        is of such character cannot be standardized in relation to a given period

27                        of time.

28          (b)    The employee must customarily and regularly exercise discretion and

1    independent judgment; and,

2    (c)    The employee earns a monthly salary equivalent to no less than two (2) times

3           the state minimum wage for full-time employment.

4    No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because

5    they all fail to meet the requirements of being a "professional" within the meaning of the

6    applicable Wage Order.

7        75.    PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS members, do not

8    fit the definition of an exempt executive, administrative, or professional employee because:

9        (a)    They did not work as executives or administrators; and,

10       (b)    The professional exemption does not apply to the PLAINTIFF, nor to the other

11              members of the CALIFORNIA LABOR SUB-CLASS because they did not

12              meet all the applicable requirements to work under the professional exemption

13              for the reasons set forth above in this Complaint.

14       76.    During the CLASS PERIOD, the PLAINTIFF, and the other members of the

15   CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty

16   (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of a

17   workweek.

18       77.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the

19   other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the

20   hours they have worked in excess of the maximum hours permissible by law as required by

21   Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of

22   the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact

23   work, overtime hours.

24       78.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

25   to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for

26   their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR

27   SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts

28   which are presently unknown to them and which will be ascertained according to proof at

1 trial.

2       79.    DEFENDANT knew or should have known that the PLAINTIFF, and the

3 other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt

4 and DEFENDANT systematically elected, either through intentional malfeasance or gross

5 nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate

6 policy, practice and procedure.

7       80.    Therefore, the PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS

8 members, request recovery of overtime compensation according to proof, interest, costs, as

9 well as the assessment of any statutory penalties against DEFENDANT, in a sum as

10 provided by the Cal. Lab. Code and/or other statutes. To the extent overtime compensation

11 is determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who

12 have terminated their employment, these employees would also be entitled to waiting time

13 penalties under Cal. Lab. Code § 203, which penalties are sought herein. Further, the

14 PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, are

15 entitled to seek and recover statutory costs.

16       81.    In performing the acts and practices herein alleged in violation of labor laws

17 and refusing to provide the requisite overtime compensation, DEFENDANT acted and

18 continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

19 toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

20 and utter disregard of their legal rights, or the consequences to them, and with the despicable

21 intent of depriving them of their property and legal rights and otherwise causing them injury

22 in order to increase corporate profits at the expense of the PLAINTIFF and the members of

23 the CALIFORNIA CLASS.

24

25 **THIRD CAUSE OF ACTION**

26 **For Failure to Provide Accurate Itemized Statements**

27 **[Cal. Lab. Code § 226]**

28 **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

82.     PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 81 of this Complaint.

83.     Cal. Lab. Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

84.     At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

85.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in

1   no event more than $4,000.00 for the PLAINTIFF and each respective member of the

2   CALIFORNIA LABOR SUB-CLASS herein).

3

4                           **FOURTH CAUSE OF ACTION**

5           **For Failure to Reimburse Employees for Necessary Expenses**

6                          **[Cal. Lab. Code § 2802]**

7               **(By PLAINTIFF and the CLASS and against DEFENDANT)**

8           86.    PLAINTIFF, and the Class Members, reallege and incorporate by this reference,

9   as though fully set forth herein, paragraphs 1 through 85 of this Complaint.

10          87.    Cal. Lab. Code § 2802 provides, in relevant part, that:

11              An employer shall indemnify his or her employee for all necessary expenditures
                or losses incurred by the employee in direct consequence of the discharge of his
12              or her duties, or of his or her obedience to the directions of the employer, even
                though unlawful, unless the employee, at the time of obeying the directions,
13              believed them to be unlawful.

14          88.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

15  failing to indemnify and reimburse the PLAINTIFF, and all the Class Members for expenses

16  incurred in the discharge of their job duties for DEFENDANT.  In particular, DEFENDANT

17  systematically insisted that all Class Members purchase TARGET's branded merchandise from

18  its online employee "Bullseye" shop the wearing of which was necessary to fulfill the

19  employees' job duties. The Bullseye shop clothing was only purchased for wearing at work for

20  DEFENDANT. As a result, the Class Members patronized DEFENDANT's online shop in the

21  purchase of its company clothing for work purposes only.   Therefore, the Team Leaders

22  sustained expenses and other losses as a result of TARGET's uniform policy to require

23  employees to use its online shop to purchase company clothing for work purposes.  TARGET

24  also failed to reimburse the PLAINTIFF and the other Class Members for personal vehicle

25  usage and the expense of gas which was required by DEFENDANT to travel to and from

26  DEFENDANT's retail store locations for training.    DEFENDANT is estopped by

27  DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were

28  necessary expenditures incurred by the PLAINTIFF and the Class Members, DEFENDANT

1   failed to indemnify and reimburse the PLAINTIFF and the Class Members for these expenses

2   as an employer is required to do under the laws and regulations of California.

3       89.    Thus, the PLAINTIFF and the Class Members were forced by the expectation of

4   DEFENDANT and DEFENDANT's unwritten policy to contribute to the expenses of

5   DEFENDANT's business, which expenses must be refunded by DEFENDANT to each member

6   of the CLASS.

7       90.    Cal. Lab. Code § 2802(b) and (c) provide for interest at the statutory post

8   judgment rate of 10% simple interest per annum from the date of the expenditure plus attorneys'

9   fees to collect reimbursement.

10      91.    PLAINTIFF, therefore, demands reimbursement for expenditures or losses

11  incurred by her and the Class Members in the discharge of her job duties for DEFENDANT,

12  or their obedience to the directions of DEFENDANT with interest at the statutory rate and costs

13  under Cal. Labor Code § 2802.

14

15                          **FIFTH CAUSE OF ACTION**

16          **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA")**

17      **(By PLAINTIFF and the COLLECTIVE CLASS and against All Defendants)**

18      92.    PLAINTIFF, and the COLLECTIVE CLASS members, reallege and

19  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 91 of this

20  Complaint.

21      93.    DEFENDANT is engaged in communication, business, and transmission between

22  the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

23      94.    PLAINTIFF further brings the Fourth Cause of Action on behalf of a

24  COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 which consists of all the Class

25  Members employed in California by DEFENDANT during the period three (3) years prior to

26  the filing of the complaint and ending on the date as determined by the Court, and who

27  performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE CLASS").

28      95.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

1  violations of the FLSA.

2      96.     29 U.S.C. § 207(a)(1) provides in pertinent part:

3          Except as otherwise provided in this section, no employer shall employ any of his
4          employees who in any workweek is engaged in commerce or in the production of
           goods for commerce, or is employed in an enterprise engaged in commerce or in
5          the production of goods for commerce, for a workweek longer than forty hours
           unless such employee receives compensation for his employment in excess of the
6          hours above specified at a rate not less than one and one-half times the regular
           rate at which he is employed.

7      97.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does

8  not apply to:

9          any employee employed in a bona fide executive, administrative, or professional
10         capacity (including any employee employed in the capacity of academic
           administrative personnel or teacher in elementary or secondary schools), or in the
11         capacity of outside salesman (as such terms are defined and delimited from time
           to time by regulations of the Secretary, subject to the provisions of the
12         Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee
           of a retail or service establishment shall not be excluded from the definition of
13         employee employed in a bona fide executive or administrative capacity because
           of the number of hours in his workweek which he devotes to activities not
14         directly or closely related to the performance of executive or administrative
           activities, if less than 40 per centum of his hours worked in the workweek are
15         devoted to such activities).

16     98.     DEFENDANT has willfully engaged in a widespread pattern and practice of

17 violating the provisions of the FLSA, as detailed above, by uniformly designating certain

18 employees as "exempt" employees, by their job title and without regard to DEFENDANT's

19 realistic expectations and actual overall requirements of the job, including the PLAINTIFF and

20 the other members of the COLLECTIVE CLASS who worked on the production side of

21 DEFENDANT's business enterprise. This was done in an illegal attempt to avoid payment of

22 overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations

23 requirements.

24     99.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the

25 PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime

26 compensation for all overtime hours actually worked, at a rate not less than one and one-half

27 times their regular rate of pay for all hours worked in excess of forty (40) hours in any

28 workweek. DEFENDANT's failure to pay overtime wages as required by federal law was

   willful and not in good faith.

100.   29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee.  The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

101.   The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. Class Members either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

102.   For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)   The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)   The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)   The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive " under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or more other employees in a customarily recognized department or subdivision of the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change

of status of the other employees were given particular weight and therefore, they do not qualify for the executive exemption.

103.    For an employee to be exempt as a bona fide "administrator,"all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)    The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300.

104.    For an employee to be exempt as a bona fide "professional", DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)    Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(b)    Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300. Further, the PLAINTIFF and the other Class Members operated under intense scrutiny from management

1   and are strictly dictated by written guidelines and standardized procedures.

2       105.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and the other

3   members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

4       106.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the other

5   members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked

6   in excess of the maximum hours permissible by law as required by section 207 of the FLSA,

7   even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were

8   regularly required to work, and did in fact work, overtime hours.

9       107.    For purposes of the Fair Labor Standards Act, the employment practices of

10  DEFENDANT were and are uniform throughout California in all respects material to the claims

11  asserted in this Complaint.

12      108.    There are no other exemptions applicable to the PLAINTIFF and/or to the

13  members of the COLLECTIVE CLASS.

14      109.    As a result of DEFENDANT's failure to pay overtime compensation for

15  overtime hours worked, as required by the FLSA, the PLAINTIFF and the members of the

16  COLLECTIVE CLASS were damaged in an amount to be proved at trial.

17      110.    Therefore, the PLAINTIFF demands that she and the members of the

18  COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour

19  of overtime worked in any workweek for which they were not compensated, plus interest and

20  statutory costs as provided by law.

21

22                                    **PRAYER**

23      WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly

24  and severally, as follows:

25  1.      On behalf of the CALIFORNIA CLASS:

26      A)      That the Court certify the First Cause of Action asserted by the CALIFORNIA

27              CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

28      B)      An order requiring DEFENDANT to correctly calculate and pay all wages and

1    all sums unlawfuly withheld from compensation due to the PLAINTIFF and

2    the other members of the CALIFORNIA CLASS; and,

3    C)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

4          fund for restitution of the sums incidental to DEFENDANT's violations due to

5          the PLAINTIFF and to the other members of the CALIFORNIA CLASS

6          according to proof.

7  2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

8    A)    That the Court certify the Second, Third and Fourth Causes of Action asserted

9          by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to

10         Fed. R. Civ. Proc. 23(b)(2) and/or (3);

11   B)    Compensatory damages, according to proof at trial, including compensatory

12         damages for overtime compensation due PLAINTIFF and the other members

13         of the CALIFORNIA LABOR SUB-CLASS, during the applicable

14         CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

15   C)    The wages of all terminated employee from the CALIFORNIA LABOR SUB-

16         CLASS as a penalty from the due date thereof at the same rate until paid or

17         until an action therefore is commenced, in accordance with Cal. Lab. Code §

18         203; and,

19   D)    The greater of all actual damages or fifty dollars ($50) for the initial pay

20         period in which a violation occurs and one hundred dollars ($100) per each

21         member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

22         subsequent pay period, not exceeding an aggregate penalty of four thousand

23         dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

24  3.  On behalf of the COLLECTIVE CLASS:

25   A)    That the Court certify the Fifth Cause of Action asserted by the

26         COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

27   B)    Issue a declaratory finding that DEFENDANT's acts, policies, practices and

28         procedures complained of herein violated provisions of the Fair Labor

1    Standards Act; and

2    C)    That the PLAINTIFF and the other members of the COLLECTIVE CLASS

3    recover compensatory damages and an equal amount of liquidated damages as

4    provided under the law and in 29 U.S.C. § 216(b).

5  4.    On all claims:

6    A)    An award of interest, including prejudgment interest at the legal rate;

7    B)    An award of penalties and cost of suit, as allowable under the law.  Neither

8    this prayer nor any other allegation or prayer in this Complaint is to be

9    construed as a request, under any circumstance, that would result in a request

10    for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

11    C)    Such other and further relief as the Court deems just and equitable.

12  Dated:   February 11, 2011              BLUMENTHAL, NORDREHAUG & BHOWMIK

13

14              By:_____

15                 Norman B. Blumenthal
                   Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   February 11, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:_____
       Norman B. Blumenthal
       Attorneys for Plaintiff